MANDATE

17-1669-bk
ICP Strategic Credit Income Fund, Ltd., et al. v. DLA Piper L.L.P.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

     At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd of April, two thousand eighteen.

PRESENT: JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                *Circuit Judges*,
            RICHARD M. BERMAN,
                *District Judge.*\*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 14, 2018

IN RE: ICP STRATEGIC INCOME FUND, LTD.

              *Debtor.*
******************************************

ICP STRATEGIC CREDIT INCOME FUND, LTD., ICP STRATEGIC CREDIT INCOME MASTER FUND, LTD., HUGH DICKSON, JOINT OFFICIAL LIQUIDATORS OF ICP STRATEGIC INCOME FUND, LTD. AND ICP STRATEGIC CREDIT INCOME MASTER FUND, LTD., MICHAEL SAVILLE, JOINT OFFICIAL LIQUIDATORS OF ICP STRATEGIC CREDIT INCOME FUND, LTD. AND ICP STRATEGIC CREDIT INCOME MASTER FUND, LTD.,

            *Plaintiffs-Appellants*,         17-1669-bk

---

   \* Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

1

MANDATE ISSUED ON 05/14/2018

Case 1:15-cv-07962-VSB Document 200 Filed 05/14/18 Page 2 of 5

v.

DLA PIPER L.L.P. (US),

        *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | JOSHUA J. BRUCKERHOFF (William T. Reid, IV, Craig A. Boneau, *on the brief*), Reid Collins & Tsai, LLP, Austin, TX and New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | KEVIN S. ROSEN (Matthew S. Kahn, Bradley J. Hamburger, Jason Neal, *on the brief*), Gibson, Dunn & Crutcher LLP, Los Angeles, CA and Washington, DC. |

     Appeal from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

     **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 9, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

     Plaintiff-Appellants ICP Strategic Credit Income Fund, Ltd. (the "Feeder Fund"), ICP Strategic Credit Income Master Fund, Ltd. (the "Master Fund," and, together with the Feeder Fund, the "Funds"), and Hugh Dickson and Michael Saville in their capacity as the Joint Official Liquidators of the Funds (together with the Funds, the "Liquidators") appeal the District Court's judgment affirming the Bankruptcy Court's decision dismissing their complaint against Defendant-Appellee DLA Piper L.L.P. (US) ("DLA Piper" or "DLA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

     The Liquidators allege that DLA Piper aided and abetted fraud and breaches of fiduciary duty committed by the Funds' investment manager, ICP Asset Management LLC ("ICP") and Thomas Priore ("Priore"), one of the Funds' directors and the majority owner of ICP. According to the Liquidators, DLA Piper wrongfully helped Priore and ICP transfer over $36 million of the Funds' assets to Barclays Bank PLC ("Barclays"). They did so to meet obligations owed not by the Funds themselves but by Triaxx Funding High Grade I, Ltd. ("Triaxx"), an investment vehicle in which the Funds had invested approximately 50 percent of their net asset value. The Liquidators allege that although the payment was characterized at the time as a loan from the Funds, there was no agreement from Barclays or Triaxx to repay the Funds.

     At issue is: (1) whether the District Court properly dismissed the Liquidators' claim under New York law against DLA for aiding and abetting breach of fiduciary duty on the basis of the *in pari delicto* doctrine; (2) whether the Liquidators' claim for aiding and abetting breach of fiduciary duty was properly dismissed because the Liquidators failed to allege sufficient facts to establish a plausible claim that DLA had actual knowledge of, or substantially assisted in, the alleged breach; and (3) whether the Liquidators' Cayman Islands fraudulent-trading claim was properly dismissed

2

because the Liquidators failed to plead plausibly that the Funds were carried on with fraudulent purpose, that DLA had actual knowledge of any fraud, and that DLA was involved in carrying on the business of the Funds.

We review the District Court's judgment affirming the Bankruptcy Court's order granting DLA's motion to dismiss *de novo*. *In re Maxwell Commc'n Corp.*, 93 F.3d 1036, 1044 (2d Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Claims that sound in fraud (such as the claims at issue here) face a heightened pleading requirement, even if fraud is not an element of the claim. *Krys v. Pigott*, 749 F.3d 117, 129 (2d Cir. 2014).

## I.

As to the Liquidators' claim for aiding and abetting a breach of fiduciary duty, the threshold issue is whether DLA Piper established its affirmative defense under New York's *in pari delicto* doctrine. The *in pari delicto* doctrine prevents a party from seeking to recover against others for a wrong in which the party participated or is deemed through "imputation" to have participated. *Kirschner v. KPMG LLP*, 15 N.Y.3d 446, 465 (2010); *see also Ross v. Bolton*, 904 F.2d 819, 824 (2d Cir. 1990). DLA contends that, under the "most significant relationship" test, we should apply New York law to the question of whether ICP and Priore's conduct is imputed to the Funds. The Liquidators, on the other hand, argue that, based on the internal affairs doctrine, Cayman law should apply.

The first issue is whether our conflict-of-laws analysis should be based on New York's "internal affairs doctrine" or the "most significant relationship" test. The Liquidators argue that the internal affairs doctrine, which states that the law of the state of incorporation applies to those matters that pertain to the relationship between the corporation and its officers and directors, applies to the imputation at issue here. The Liquidators believe that because Cayman law governs whether Priore breached his fiduciary duty under the internal affairs doctrine, Cayman law must also govern questions concerning the extent to which his actions will be imputed to the company. But as the District Court correctly concluded, "New York's internal affairs doctrine does not apply to *in pare delicto*." *In re ICP Strategic Credit Income Fund Ltd.*, 568 B.R. 596, 609 (Bankr. S.D.N.Y. 2017); *see also FIA Leveraged Fund Ltd. v. Grant Thornton LLP*, 56 N.Y.S.3d 12, 19 (1st Dept. 2017) ("Internal affairs are matters of corporate governance . . . , while imputation is a question of *agency*." (internal quotation marks and citations omitted)). The Liquidators themselves admit that "imputation is a question of agency." Appellants' Br. 44-45.

Under New York law, courts instead apply a flexible approach to choice-of-law disputes that gives "controlling effect to the law of the jurisdiction which . . . has the greatest concern with the specific issue raised in the litigation." *Babcock v. Jackson*, 12 N.Y.2d 473, 481 (1963). We must determine which state has "the most significant relationship" with the issue of imputation. *FIA Leveraged*, 56 N.Y.S.3d at 19. Although we need not apply the law of the same state to all the issues arising out of a tort claim, *Babcock*, 12 N.Y.2d at 484, "the jurisdiction with the greatest interest in litigation of the underlying claims also has an acute interest in the availability of defenses to those claims," *FIA Leveraged*, 56 N.Y.S.3d at 497 (internal quotation marks omitted).

Upon review of the record, we conclude that the District Court properly found that New York law applies to DLA's *in pari delicto* defense under a "most significant relationship" analysis. As the District Court noted, the Liquidators brought their case "in New York state court, based on facts alleged to have occurred solely in New York, against a New York law firm." *In re ICP*, 568 B.R. at 609; *see FIA Leveraged*, 56 N.Y.S.3d at 497 ("Plaintiffs have chosen to sue defendants under New York Law . . . Because we cannot conclude that the Cayman Islands has a more significant relationship to imputation than New York, we will apply New York law.").

The Liquidators contend that even under a "most significant relationship" analysis, Cayman law should govern DLA's *in pari delicto* defense because where the case was filed and the location of the defendant are "irrelevant" to the conflict-of-laws-determination. Appellants' Br. 44. In the Liquidators' view, New York has less interest in determining whether ICP and Priore actually breached any duty to the Funds, a Cayman corporation. But the actions of Priore and ICP are not relevant here. The Liquidators bring a claim of aiding and abetting breach of fiduciary duty under New York law against DLA, a New York-based law firm, which conducted all its work related to this issue from New York.

Since we conclude that New York law applies to DLA's *in pari delicto* defense based on an interest analysis, we need not reach the question of whether, under New York state law, the law governing an affirmative defense to a claim is the same as the law governing the claim itself.

Applying New York law to DLA's *in pari delicto* defense, we conclude that the District Court did not err in dismissing the Liquidators' claim. Under New York law, "traditional agency principles play an important role in an *in pari delicto* analysis," and "the acts of agents . . . are presumptively imputed to their principals." *Kirschner*, 15 N.Y.3d. at 465. According to the *Wagoner* rule, followed in New York, the *in pari delicto* doctrine applies to successors in interest of wrongdoers, including bankruptcy trustees and foreign liquidators. *Mediators, Inc. v. Manney (In re Mediators, Inc.)*, 105 F.3d 822, 825-26 (2d Cir. 1997). We may resolve *in pari delicto* defenses on the pleadings. *Kirschner*, 15 N.Y.3d. at 459 n.3.

There is an exception to the *Wagoner* rule where a corporation is "actually the victim of a scheme undertaken by the agent to the benefit of himself or a third party personally" and the agent has "*totally abandoned* his principal's interests." In such a case, the acts of the agent will not be imputed to its principal. *Kirschner*, 15 N.Y.3d. at 466-67. This adverse-interest exception, however, is "most narrow." *Id.* at 466. It does not apply where "there is a benefit" to the principal corporation, even if the agent's action "was actually motivated by the agent's desire for personal gain." *Id.* at 466-67.

The Liquidators do not dispute that ICP and Priore acted as the Funds' agents. Instead, the operative question is whether ICP and Priore "totally abandoned" the Funds' interests at the time of the misconduct. DLA argues that the Funds received a benefit from the actions of ICP and Priore—namely, the preservation of the Funds' investment in Triaxx. The Liquidators contend that the Funds did not benefit from those actions, and that we should therefore apply the adverse-interest exception. We agree with the District Court that the exception should not apply here. DLA's assistance to the plan of ICP and Priore helped to sustain Triaxx and therefore preserved the Funds' large investment in it, which constituted a benefit at the time. Since the exception does not apply, the Liquidators' claims are barred by the *in pari delicto* doctrine.

## II.

We conclude that the District Court correctly affirmed the Bankruptcy Court's dismissal of the Liquidators' claims on *in pare delicto* grounds, and therefore, like the District Court, we affirm dismissal of the aiding-and-abetting claim on that ground alone. We need not reach the question of whether the Liquidators adequately pleaded a claim of aiding-and-abetting breach of fiduciary duty.

## III.

Lastly, we address whether the District Court properly concluded that the Liquidators did not adequately plead that DLA knew of, or was a party to, an intent to defraud or to a fraudulent purpose. Section 147 of the Cayman Companies Law requires a showing that DLA Piper was "knowingly part[y] to the carrying on of" the Funds "with intent to defraud . . . or for any fraudulent purpose." Because the Liquidators failed to allege sufficient facts to establish that DLA knew of the purported fraud, we conclude that the District Court did not err in dismissing the Liquidators' fraudulent-trading claim under Cayman law.

## CONCLUSION

We have reviewed all of the arguments raised by Plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 9, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit